Harold B. Gold
Texas Bar No. 08069600
Wisener ✯ Nunnally ✯ Gold, LLP
625 W. Centerville Road, Suite 110
Garland, Texas 75041
T: 972.840.9080
F: 972.840.6575

Attorneys for Community Bank

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE: | Case No. 09-36793-HDH11 |
| **JUPITER FAMILY ENTERTAINMENT, L.P.** | CHAPTER 11 |
| Debtor. | <u>Hearing</u>: June 2, 2010 at 1:30 p.m. |

AGREED MOTION BY COMMUNITY BANK
FOR RELIEF FROM AUTOMATIC STAY

NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT, NORTHERN DISTRICT OF TEXAS AT 11 COMMERCE STREET, DALLAS, TEXAS 75242 BEFORE THE CLOSE OF BUSINESS ON May 26, 2010 WHICH IS FIFTEEN (15) DAYS FROM THE DATE OF SERVICE HEREOF .

ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.

IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED WILL BE DEEMED TO BE UNOPPOSED AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.

Community Bank (the Bank) with the agreement of Jupiter Family Entertainment, L.P., (Debtor) submits this Motion for Relief from Automatic Stay as follows:

<u>Jurisdiction</u>

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334 and §157.

2. This matter is governed primarily by 11 U.S.C. §362 and Rule 4001(d) of the Federal Rules of Bankruptcy Procedure and is a core proceeding.

<u>Background Facts</u>

3. Debtor filed for bankruptcy protection on or about October 6, 2009. The Debtor is indebted to the Bank pursuant to that certain promissory note and Security Agreement executed by the Debtor and dated March 29, 2007 (the Real Estate Note). The Note was made March 29, 2007 with a maturity date of March 29, 2028. Between March 29, 2007 and March 29, 2008, the Debtor was required under the terms of the Real Estate Note to make accrued interest only payments on the 29th day of each third month commencing April 29, 2007. Thereafter, the Debtor was required to make monthly payments of principal and interest. The interest rate was the prime rate as quoted by the <u>Wall Street Journal</u> with the interest rate being reset every 36 months. Accordingly, the interest rate agreed to by the parties varied over time. The beginning interest rate was 8.25%. The Real Estate Note is guaranteed by Charles Lande. On or about December 30, 2008, the Bank and Debtor entered into the Modification of Real Estate Note and Lien in which the Debtor requested the Bank to modify the payment terms to interest payments for 3 months and then return to the payment of principal and interest. As of the modification date there was an unpaid balance of $624,483.07. The agreement regarding the interest rate remained the same.

4. On or about April 17, 2007, the Bank and Debtor entered into a second loan reflected by a promissory note made by the Debtor in the amount of $350,000.00 (the Equipment Note). The interest rate was the prime rate as quoted by the <u>Wall Street Journal</u>. The interest rate charged was variable, being reset every 36 months. The Equipment Note called for monthly interest only payments during the initial 12 months, followed thereafter by monthly payments of principal and interest. The Equipment Note was also guaranteed by Charles Lande and also by 11336 Management, Inc. The Debtor also executed a commercial security agreement that granted the Bank a security interest in certain personal property. On or about August 8, 2008, the Bank and the Debtor entered into a modification of the Equipment Note. The Debtor agreed that the outstanding principal balance of the note as of July 24, 2008 was $348,062.32. The maturity date of the Equipment Note was extended 2 months. Monthly principal and interest payments were increased to $4293.00 beginning August 1, 2008 and continuing at that amount until the maturity date. On or about December 31, 2008, the Bank and the Debtor entered into another modification of the Equipment Note by which the Debtor agreed that the outstanding principal balance of the note was $347,242.91 as of November 25, 2008. The parties agreed that the maturity date of the Equipment Note was extended an additional 3 months, and the monthly due date was changed to the 2nd day of the month. The parties further agreed that the monthly principal and interest payments due November 2, 2008, December 2, 2008 and January 2, 2009 were amended to become interest only payments. Monthly principal and interest payments of $4293.00 would resume on February 2, 2009.

5. As a consequence of the two loans, the Bank has a security interest in the building in which the Debtor conducts its business and certain of its equipment (the Collateral). True and

correct copies of the loan and security documents, including complete descriptions of the real property and equipment are attached as exhibit A and incorporated by reference.

6. The Debtor is in possession of the Collateral and has possessed the Collateral prior to and during this bankruptcy case at its bowling entertainment center.

7. The Debtor is in default under the various loan agreements for, inter alia, failure to make scheduled payments due and owing thereunder. The Bank has filed a claim for $645,585.04 on the Real Estate Note [Claim Register 7] and $355,114.17 on the Equipment Note [Claims Register 8].

8. The total cost of the debt owed by Debtor on this real and personal property, together with the cost of completion is over $1,000,000.00. See exhibit A.

9. The fair market value of the real and personal property made the subject of the Notes and Deeds of Trust is no greater than $1,000,000.00. See exhibit A.

10. Both the market for the sale of the collateral and the availability of credit to finance a purchase continue to weaken suggesting a great difficulty in selling this property. Further, the real property is subject to degradation as a result of leaks in a roof whose useful life has been exceeded, and for which no repair is commercially available.

11. The Debtor does not have a confirmable plan for its reorganization or for the repair and/or replacement of the Collateral and has indicated that it will discontinue its business operations. The Debtor agrees to this motion as shown in Exhibit B.

12. Cause exists for the automatic stay to be modified to permit the Bank to exercise its state law rights and contractual provisions to collect the indebtedness owed it by Debtor.

### Applicable Law

13. The Bankruptcy Code, 11 U.S.C. §362(d) states:

(d) on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –

    (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

    (2) with respect to a stay of an act against property under subsection (a), if

        (a) the debtor does not have an equity in such property; and

        (b) such property is not necessary to an effective reorganization; . . .

14. For the reasons set forth here, cause exists to lift or modify the automatic stay so that FNB may proceed with its remedies for default.

15. Debtor does not have material equity in the subject property.

16. Owing to the fact that the Debtor does not oppose this Motion, the Bank requests that the Court consolidate the preliminary and final hearing on this matter.

### Conclusion

17. The Bank is not adequately protected in connection with the secured obligation set forth herein and the automatic stay should be lifted or modified so that the Bank may proceed with its remedies. Cause exists to grant the relief requested.

### Request

18. The Bank and the Debtor request that the automatic stay imposed by 11 U.S.C. §362 be lifted or modified as set forth herein so that the Bank may exercise any and all rights and remedies at law to which it is entitled to enforce payment of the debts reflected in the Real Estate and Equipment Notes. The Bank further requests further that it have such other and further relief to which it is entitled.

Respectfully submitted,

Wisener ✯ Nunnally ✯ Gold, L.L.P.

By: /s/ Harold B. Gold
     Harold B. Gold
     Texas Bar No. 08069600

625 W. Centerville Road, Suite 110
Garland, Texas 75041
T: 972.840.9080
F: 972.840.6575

Attorneys for First National Bank

### Certificate of Conference

Counsel for Movant and the Debtor have discussed this matter. The Debtor agrees to this Motion.

          /s/ Harold B. Gold
Harold B. Gold

## Certificate of Service

This motion was served on the persons set forth on the attached schedule either by the Court's electronic notice system or by 1st class mail, deposited with the United States Postal Service on May 11, 2010.

/s/ Harold B. Gold
_____
Harold B. Gold

Hudson Energy
P.O. BOX 142109
Irving, Texas 75014-2109

Bowling Distributor.com
P.O. BOX 560407
Dallas, Texas 75356

Allied Waste Services
P.O. BOX 78829
Phoenix, Arizona 85062

Denton Bolt Co.
P.O. BOX 50298
Denton, Texas 76206

NuCO2
2800 SE Market Place
Stuart, Florida 34997

Unicard Systems, Inc.
5340 Alpha Road
Dallas, Texas 75240

Sand Trap Service Company
P.O. BOX 1823
Fort Worth, Texas 76101

Total Fire & Safety
7909 Carr Street
Dallas, Texas 75227

Garland Welding Supply
1960 Forest Lane
Garland, Texas 75042

AT&T
P.O. BOX 630047
Dallas, Texas 75263

The CIT Group/EF
10201 Centurion Pkwy N, Suite 100
Jacksonville, Florida 32256

Dallas County Tax Assessor
P.O. BOX 139066
Dallas, Texas 75313-9006

Qubica Pins Division
7412 Utica Blvd
Lowville, New York 13367

Classic Products Corp
4617 Industrial Road
Ft. Wayne, Indiana 46825

Restaurant CFO Partners
701 E 15th Street, Suite 201
Plano, Texas 75074

Service Performance Group
3436 Raleigh Street
Holly Springs, North Carolina 27549

RMS Thermal Company LLC
2033 W McDermott Road, #320
Allen, Texas 75013

Road Runner Fire & Safety
3135 Cortez Drive
Garland, Texas 75041

Atmos Energy
P.O. BOX 650205
Dallas, Texas 75265

Coca-Cola Enterprises, Inc.
P.O. BOX 840232
Dallas, Texas 75284

Brunswick Bowling
ATTN: James Duke, Director
One North Field Court
Lake Forest, Illinois 60045

Champion Energy
13831 NW Frwy, Suite 250
Houston, Texas 77040

City of Dallas
1500 Marilla 3A North
Dallas, Texas 75201

Party Direct
P.O. BOX 353
Peru, Indiana 46970

Comptroller of Public Accts
c/o Office of the Atty General
Bankruptcy-Collections Div.
P.O. Box 12548
Austin, Texas 78711-2548

NTN Buzztime Inc.
5966 La Place Court
Suite 100
Carlsbad, California 92008

Rob Bertino
5727 Stanford Drive
Dallas, Texas 75209

Laurie Spindler Huffman
Linebarger Goggan, et al.
2323 Bryan Street, Suite 1600
Dallas, Texas 75201

Jonathon Aberman
Vedder Price PC
222 N LaSalle St.
Suite 2200
Chicago, Illinois 60601-1003

Time Warner Bus. Class
14079 Senlac
Farmers Branch, Texas 75234

H&S Distributing, Inc.
9221 E Baseline Road, Suite 109
Mesa, Arizona 85209

Kegel LLC
1951 Longleaf Blvd
P.O. BOX 3370
Lake Wales, Florida 33859-3370

Charles Lande
Diane Lande
9813 Waterview Parkway
Rowlett, Texas 75089

Marty Buckholt
c/o Patriot Investments
5419 Vickery Blvd
Dallas, Texas 75206

U.S. TRUSTEE
1100 Commerce Street, Room 976
Dallas, Texas 75242

William Jarrell Moore
Samuel Martin Stricklin
Bracewell & Giuliani, LLP
1445 Ross Ave.
Suite 3800
Dallas, Texas 75202

Gerald P. Urbach
Jason M. Katz
HIERSCHE, HAYWARD, DRAKELEY & URBACH, P.C.
15303 Dallas Parkway, Suite 700
Addison, TX 75001